Ronald **GJUROVICH, individually and on behalf of others similarly situated, Plaintiff,**

v.

**EMMANUEL'S MARKETPLACE, INC. and Emmanuel Gerondaras, Defendants.**

**No. 03 Civ. 1166 (LMS).**

United States District Court, S.D. New York.

Sept. 19, 2003.

Dan Getman, New Paltz, NY, for Plaintiff.

## DECISION AND ORDER

LISA MARGARET SMITH, United States Magistrate Judge.

The Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and New York Labor Law Articles 6 and 19, seeking payment from the Defendants for their alleged failure to pay overtime compensation to the Plaintiff. The Plaintiff also seeks damages under state law for the Defendants' alleged discrimination against him based on his age and perceived disability. On June 19, 2003, in connection with his FLSA claims, the Plaintiff moved this Court "for an order allowing this case to proceed as a collective action," and for approval of a proposed notice to be sent to potential plaintiffs notifying them of their right to "opt-in" to the current action pursuant to 29 U.S. § 216(b) ("Proposed Notice"). By Decision and Order dated September 9, 2003 (see copy attached as Exhibit A), I granted the Plaintiff's motion to proceed as a collective action; approved, with modifications, the Proposed Notice; and ordered the Plaintiff to submit a revised copy of the Proposed Notice for my final review.

Having reviewed the revised Proposed Notice, and having made minor adjustments thereto, I hereby order the Plaintiff to mail the revised Proposed Notice and Consent to Become Party Plaintiff forms (copies of which are attached hereto as Exhibit B) to potential members of the collective action in accordance with my September 9, 2003 Order. The Plaintiff is reminded that he must, based on the ultimate date of mailing, insert the appropriate deadline date in Paragraphs two and three, as well as in the Consent to Become Party Plaintiff form.

**SO ORDERED.**

### Exhibit A

## DECISION AND ORDER

The Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA" or "the Act"), and New York Labor Law Articles 6 and 19, seeking payment from the Defendants for their alleged failure to pay overtime compensation to the Plaintiff. The Plaintiff also seeks damages for the Defendants' alleged discrimination against him based on his age and perceived disability, in violation of New York Human Rights Law § 296 *et seq.* In connection with his FLSA claims, the Plaintiff has moved this Court "for an order allowing this case to proceed as a collective action," and for approval of a proposed notice to be sent to potential plaintiffs notifying them of their right to "opt-in" to the current action pursuant to 29 U.S. § 216(b). The Plaintiff also seeks discovery of the names and addresses of those current and former employees of the Defendants who are potential plaintiffs.

### BACKGROUND

The Plaintiff, Ronald Gjurovich ("Plaintiff" or "Gjurovich"), began working for the defendant, Emmanuel's Marketplace ("the Market") in or about August, 1999. (Notice of Motion dated June 16, 2003, Docket Item # 10, Exhibit A, declaration of Ronald Gjurovich ("Gjurovich Dec.") at ¶¶ 2, 8.) The Plaintiff was originally hired as a meat cutter in the Market's meat department, and was paid an hourly rate. (Gjurovich Dec. at ¶¶ 8, 10–11; Declaration of Joseph P. Carey, Exhibit 1: Declaration of James Phillips ("Phillips Dec.") at ¶ 6.)

In or about October 1999, Gjurovich was promoted to a position he refers to as "First Cutter." (Gjurovich Dec. at ¶ 12.) In such position, the Plaintiff was paid a fixed salary each week, rather than being paid by the hour. (*Id.*) The Plaintiff claims that his effective hourly rate decreased with this promotion, since he regularly worked 65 hours each week in his position as First Cutter, but only received $670 per week, rather than the $13 per hour he had received as a meat cutter prior to being promoted. (Gjurovich Dec. at ¶¶ 11–14.) In or about June 2001, the Plaintiff was again promoted, replacing his supervisor, Mike Schneller. (Gjurovich Dec. at ¶ 24.) This post also was paid by salary. *Id.*

The Plaintiff claims that neither of his salaried positions was exempt from the overtime provisions of the FLSA. In support of his assertion that he was a "non-exempt" employee, the Plaintiff cites FLSA regulations, emphasizing that in each position "[m]anagement was not [his] 'primary responsibility' " and the "management of a recognized department" was not his primary duty. (Gjurovich Dec. at ¶ 29). Thus, the Plaintiff says, while employed in those positions he should have received "overtime compensation" at the rate of "time and one-half" for any work he performed in excess of 40 hours each week. (Brief in Support of Motion to Approve Collective Action Notice at 1–2; Gjurovich Dec. at ¶ 17.) The Defendants did not, however, make such overtime compensation payments. (Gjurovich Dec. at ¶ 17; Amended Complaint at ¶ 46.)

The Plaintiff also claims that others at the Market were not paid overtime compensation even though, like him, they were entitled to such payments. According to the Plaintiff, although some other members of the meat department, as well as some members of the "[d]airy, produce, frozen foods, grocery, bakery, deli, and front end" departments, had as their primary duties "production/sales work" rather than management functions; they were also paid a fixed, weekly salary, and likewise did not receive overtime compensation for work they performed in excess of 40 hours each week. (Gjurovich Dec. at ¶¶ 30–34.)

The Defendants deny the Plaintiff's allegations and claim that in each of the salaried positions the Plaintiff held (which the Defendants refer to as the "Assistant Manager" and "Manager" of the Meat Department, respectively), the Plaintiff was an "Executive Exempt employee" pursuant to FLSA Regulations, and as such was not entitled to overtime compensation. (Answer dated April 15, 2003, docket item # 5 ("Answer") at ¶ 62.)

## DISCUSSION

### Authorizing Notice Pursuant to 29 U.S.C. § 216(b)

The Plaintiff initially seeks an order permitting him to send notices to other past and present employees of the defendant Market who may have similar claims to those of the Plaintiff, to inform them of the current action, and their rights under § 216(b) to "opt-in" to the pending lawsuit. Section 216(b) of the FLSA provides a private right of action "to recover unpaid overtime compensation and liquidated damages from employers who violate the Act's overtime provisions." *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 260 (S.D.N.Y.1997) (Sotomayor, J.). Section 216(b) allows such a case to be brought as a collective action, that is, an action by "one or more employees for and in behalf of himself [or herself] or themselves and other employees similarly situated." 29 U.S.C. 216(b). Unlike a class action lawsuit brought pursuant to Federal Rule of Civil Procedure 23, in an FLSA collective

action, only potential plaintiffs who "opt in" can be "bound by the judgment" or "benefit from it." *Sbarro*, 982 F.Supp. at 260. "Moreover, only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled." *Id.* (citing *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528–29 (S.D.N.Y.1980)).

Although FLSA § 216(b) has no provision for issuing notice in a collective action, it is "well settled" that district courts have the power to authorize an FLSA plaintiff to send such notice to other potential plaintiffs. *Sbarro*, 982 F.Supp. at 261 (citing *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)); *see also Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d 335, 335–36 (2d Cir.1979) (District court "has the power to order that notice be given to other potential members of the plaintiff class under the 'opt-in' provisions of the Fair Labor Standards Act ...."). A court may authorize notice in an FLSA collective action if the plaintiff demonstrates that other, potential plaintiffs, are "similarly situated" to him or her. *Sbarro*, 982 F.Supp. at 261; 29 U.S.C. § 216(b). To demonstrate that such potential plaintiffs are similarly situated to him or her, a plaintiff must make a "modest factual showing sufficient to demonstrate that [he or she] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Sbarro*, 982 F.Supp. at 261 (citations omitted). A plaintiff's burden is minimal, especially since the "determination that potential plaintiffs are similarly situated" is merely a "preliminary" one. *Id.*

Here, the Plaintiff has established that sending notice to potential plaintiffs is appropriate. First, the Plaintiff has sufficiently alleged a common policy or plan of the Defendants' failure to pay overtime wages. The Plaintiff has provided suffi-

cient evidence in his sworn declaration from which a jury could conclude that the positions he held were, in fact, non-exempt. (Gjurovich Dec. at ¶¶ 18–29.). In addition, the Plaintiff has made substantial allegations in his complaint, and in his sworn declaration, that he was paid the same weekly salary regardless of the number of hours he was required to work in excess of forty during any given week. (Gjurovich Dec. at ¶¶ 12–14, 17.) Indeed, the Defendants agree that on or about October 23, 1999, and September 14, 2001, the Plaintiff was promoted to positions that paid him a weekly salary, rather than an hourly wage. (*See* Answer at ¶¶ 24, 25; *see also* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Certification ("Defendants' Opposition") at 1–2).

Second, the Plaintiff has established a sufficient "factual nexus between [his] situation and the situation of other current and former employees" who were also potentially subjected to the defendants' alleged failure to pay overtime wages. *Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 308 (S.D.N.Y.1998). The Plaintiff has identified by name a number of current or former meat department employees who held the same or similar positions as the Plaintiff (some with the exact same job titles) who, like the Plaintiff, were paid a fixed weekly salary, and may not have received overtime compensation if he or she worked in excess of forty hours each week. (Gjurovich Dec. at ¶ 30.) The Plaintiff has also identified employees in other Market departments who performed "production/sales" functions, tasks which are factually similar to those of the Plaintiff's, and who, like the Plaintiff, were paid a fixed weekly salary, and also may not have received overtime compensation if they worked in excess of forty hours each week. (Gjurovich Dec. at ¶ 31.)

In their opposition, the Defendants argue at length that because the salaried positions the Plaintiff held were exempt from FLSA overtime provisions the current motion should be denied. (*See generally* Defendants' Opposition.) Whether the positions the Plaintiff held were exempt is not an issue when deciding whether to authorize notice in an FLSA action. Once the Plaintiff makes a colorable claim for relief, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff: "[T]he Court need not evaluate the merits of [a plaintiff's] claims in order to determine that a definable group of 'similarly situated' plaintiffs" exists. *Sbarro*, 982 F.Supp. at 262; *see also Jacobsen v. Stop & Shop Supermarket Company*, 02 Civ. 5915(DLC), 2003 WL 21136308, at *1 (S.D.N.Y. May 15, 2003). "[T]he court need only reach a *preliminary* determination that potential plaintiffs are 'similarly situated.'" *Id.* at 261 (citing *Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y.1995)) (emphasis added). Certainly the Plaintiff must still prove at trial that the positions at issue actually qualify as non-exempt under the FLSA. But that is not the inquiry to be answered in deciding this motion. The ultimate determination regarding the merits of the case, and whether the class is properly situated—which requires a more "stringent" inquiry—is made later in the litigation process, after more thorough discovery. *Cf. Id.*

Here, I determine only that notice may be sent to those people who, at this very preliminary stage in the litigation, might be potential plaintiffs. I am not determining that those being notified "are, in fact, similarly situated" to the Plaintiff, and I make no determination regarding the legal rights and responsibilities of the parties. *Realite*, 7 F.Supp.2d at 308. Again, the Plaintiff's burden for proving that he is similarly situated to these potential plaintiffs is minimal for this preliminary determination—a determination that can be modified or reversed after discovery is complete. *Realite*, 7 F.Supp.2d at 308. Should it become clear later that the parties who have opted-in are not similarly situated to the Plaintiff here, I will make any rulings that are necessary and appropriate to ensure that the case is properly formed.[1]

I find that the Plaintiff has "established enough of a factual nexus" between his situation, and that of those current and former employees as defined below. *See, infra,* "Composition of the Class." Thus the Plaintiff's motion for permission to proceed as a collective action, and for approval of a proposed notice to be sent to potential members of the class is granted with respect to the FLSA cause of action. Notice, as modified below, may be issued to those potential plaintiffs as defined therein.

### Notice Form

No courts have specifically outlined what form court-authorized notice should take, or what provisions notice issued pursuant

---

1. "Finally, the Court underscores that it is certifying the proposed class only for notice and discovery purposes. I am not holding at this time that all members of the proposed class who will be sent notices are, in fact, similarly situated to plaintiffs. Far too little discovery has been taken for this Court to make such a determination now. Further-

more, should discovery reveal that plaintiffs in fact are not similarly situated, or that only plaintiffs who worked in the same Ark restaurant or who held the same job type are similarly situated, I may later decertify the class, or divide the class into subgroups, if appropriate."
*Realite*, 7 F.Supp.2d at 308.

to § 216(b) should contain. The United States Supreme Court has abstained from reviewing the contents of a proposed notice under § 216(b), noting that such "details" should be left to the broad discretion of the trial court. *Hoffmann*, 493 U.S. at 170, 110 S.Ct. 482 ("we decline to examine the terms of the notice .... We confirm the existence of the trial court's discretion, not the details of its exercise."). Thus, having received no objection from the Defendants, I approve the Plaintiffs proposed Notice of Lawsuit with Opportunity to Join ("Proposed Notice") and, based on prior court decisions, order the following modifications (paragraph numbers should be adjusted as appropriate):

1. The Proposed Notice should contain a heading as follows:

    FROM: [Plaintiff or Plaintiff's Attorney]

    TO: Current and former employees of Emmanuel's Marketplace, who were employed at Emmanuel's Marketplace within the three years preceding the present date, and who were paid a fixed weekly salary rather than an hourly rate at any time during such employment, and who, while being paid such weekly salary, spent no more than fifty percent of their time in management functions, and were not "in charge" of a regular department of the store, and did not receive overtime pay at the rate of time and one-half for any work they performed in excess of 40 hours each week.

    RE: Fair Labor Standards Act Lawsuit filed against Emmanuel's Marketplace, Inc. and Emmanuel Gerondaras.

2. The first paragraph (which is unnumbered) of the Proposed Notice should be deleted and replaced with the following:

The purpose of this Notice is to inform you of the existence of a collective action lawsuit in which you potentially are "similarly situated" to the named Plaintiff, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in this suit.

3. The *text* of the paragraph numbered "1)" and titled **"INTRODUCTION TO THE CASE"** should be deleted and replaced with the following:

The lawsuit at issue was filed on February 21, 2003, against the defendants, EMMANUEL'S MARKETPLACE, INC. and EMMANUEL GERONDARAS, in the United States District Court for the Southern District of New York. The Plaintiff alleges that the defendants violated the Federal Fair Labor Standards Act by not paying eligible employees time and one-half, or overtime compensation, for all hours worked in excess of 40 hours in a week. The lawsuit is seeking back pay and double liquidated damages from the defendants, as well as costs and attorney's fees to compensate such eligible employees. The Defendants deny the Plaintiff's allegations, and deny that they are liable to the Plaintiff for any of the back pay, damages, costs or attorney's fees sought.

4. After the paragraph numbered "1)" and titled **"INTRODUCTION TO THE CASE,"** a new paragraph should be inserted that reads as follows:

**COMPOSITION OF THE CLASS**

The named Plaintiff seeks to sue on behalf of himself and also on behalf of other employees with whom he is similarly situated. Specifically, the Plaintiff seeks to sue on behalf of any and all employees who have worked at Emmanuel's Marketplace at any time within the three years preceding the present date (or who are currently employed there),

and who worked in a position in which they:

   a.  Were paid a fixed salary each week rather than an hourly rate; and

   b.  Spent no more than fifty percent of their time in management functions and also were not "in charge" of a regular department of the store; and

   c.  Did not receive overtime compensation at the rate of time and one-half for any work they performed in excess of 40 hours each week.

5.  After the new paragraph entitled **"COMPOSITION OF THE CLASS,"** an additional new paragraph should be inserted that reads as follows:

**YOUR RIGHT TO PARTICIPATE IN THIS SUIT**

If you fit the definition above, you may join this case (that is, you may "opt-in") by completing and mailing the attached "Consent to Become Party Plaintiff" form to the Plaintiff's counsel at the following address:

*[Insert Plaintiff's Counsel's name, mailing address, and phone number here.]*

The form must be sent to the Plaintiff's counsel in sufficient time to have Plaintiff's counsel file it with the federal court on or before [insert date that is 60 days from date of notice mailing]. If you fail to return the Consent to Become Party Plaintiff form to the Plaintiff's counsel in time for it to be filed with the federal court on or before the above deadline, you may not be able to participate in this lawsuit.

6.  The paragraph numbered "2)" and entitled **"TO JOIN THE CASE AND BE REPRESENTED BY PLAINTIFF'S COUNSEL"** should be deleted and replaced with the following:

**EFFECT OF JOINING THIS CASE**

If you choose to join in this case, you will be bound by the Judgment, whether it is favorable or unfavorable. You may also be held liable for costs associated with this lawsuit, and for potential counterclaims which could be asserted against you by Emmanuel's Marketplace, Inc., or Emmanuel Gerondaras, the Defendants.

The attorney for the class plaintiffs is being paid on a contingency fee basis, which means that if there is no recovery there will be no attorney's fee. If there is a recovery, the attorney for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. If you sign and return the Consent to Become Party Plaintiff form attached to this Notice, you are agreeing to designate the class representatives as your agents to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiff will be binding on you if you join this lawsuit. However, the Court has retained jurisdiction to determine the reasonableness of any contingency agreement entered into by the Plaintiff with counsel, and to determine the adequacy of the plaintiffs' counsel.

Furthermore, you can join this lawsuit by counsel of your own choosing. If you do so, your attorney must file an "opt-in" consent form by [insert date that is 60 days from date of notice mailing].

7.  After the paragraph numbered "4)" and entitled **"TO STAY OUT OF THE LAWSUIT,"** additional new

paragraphs should be inserted that read as follows:

**NO RETALIATION PERMITTED**

Federal law prohibits defendants Emmanuel's Marketplace, Inc. and Emmanuel Gerondaras from discharging or in any other manner discriminating against you because you "opt-in" to this case, or have in any other way exercised your rights under the Fair Labor Standards Act.

**YOUR LEGAL REPRESENTATION IF YOU JOIN**

If you choose to join this suit, and agree to be represented by the named Plaintiff through his attorney, your counsel in this action will be:

*[Insert Plaintiff's Counsel's name, mailing address, and phone number here]*

**COUNSEL FOR EMMANUEL'S MARKETPLACE, INC. AND EMMANUEL GERONDARAS**

The attorneys for the Defendants Emmanuel's Marketplace, Inc. and Emmanuel Gerondaras are:

*[Insert Defendants' Counsel's name, mailing address, and phone number here]*

**FURTHER INFORMATION**

Further information about this Notice, the deadline for filing a Consent to Become Party Plaintiff, or questions concerning this lawsuit may be obtained by writing or phoning the Plaintiff's counsel at the telephone number and address stated in Paragraph [insert paragraph number here] above.

8. The Plaintiff's **CONSENT TO SUE** form should be replaced by the **CONSENT TO BECOME PARTY PLAINTIFF** form attached hereto as Exhibit A.

9. In addition, the following paragraph, in all capital letters and bold-faced type, should be placed at the end of the Proposed Notice:

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, HONORABLE JUDGE LISA MARGARET SMITH, UNITED STATES MAGISTRATE JUDGE. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR OF THE DEFENDANTS' DEFENSES.**

10. *Language*—If a substantial number (25 percent or more) of potential plaintiffs speak a language other than English, a translation of the Proposed Notice and Consent to Become Party Plaintiff form in that or those other language(s) should be provided to each potential plaintiff.

***Discovery of the Names and Addresses of Potential Plaintiffs***

The Plaintiff also seeks discovery of the names and addresses of those current and former employees of the Defendants who are potential plaintiffs in this action, so that he may send them the Proposed Notice and Consent to Become Party Plaintiff form. Such discovery is relevant to the subject matter of this action. *Hoffmann,* 493 U.S. at 170, 110 S.Ct. 482. Therefore, to insure that employees receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate," the names of the potential plaintiffs, as defined in the paragraph entitled Composition of the Class, in the proposed Notice (as modified herein) should be disclosed to the Plaintiff's attorney by the Defendants within 21 days from the signature date of this Decision and Order.

## CONCLUSION

For the foregoing reasons, I grant the Plaintiff's motion to proceed as a collective action, and authorize notice, as modified above, to be sent to potential members of the collective action. The Plaintiff is to submit a revised copy of the Proposed Notice for final Court review no later than one week from the signature date of this Decision and Order. The final notice to potential plaintiffs and consent to become party plaintiff should be mailed no later than 14 days after I issue final authorization of the Proposed Notice. The collective action is limited to the Plaintiff's *federal* FLSA claims only. I reserve ruling whether the trial may need to be bifurcated to account for the Plaintiff's federal and state claims of age and disability discrimination, and claims under state wage laws. The Plaintiff's motion to compel discovery is also granted, as limited herein.

Dated: September 9, 2003.

**SO ORDERED**

**Exhibit B**

FROM: DAN GETMAN, ESQ.

TO: Current and former employees of Emmanuel's Marketplace, who were employed at Emmanuel's Marketplace within the three years preceding the present date, and who were paid a fixed weekly salary rather than an hourly rate at any time during such employment, and who, while being paid such weekly salary, spent no more than fifty percent of their time in management functions, and were not "in charge" of a regular department of the store, and did not receive overtime pay at the rate of time and one-half for any work they performed in excess of 40 hours each week.

RE: Fair Labor Standards Act Lawsuit filed against Emmanuel's Marketplace, Inc. and Emmanuel Gerondaras.

## NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN

The purpose of this Notice is to inform you of the existence of a collective action lawsuit in which you potentially are "similarly situated" to the named Plaintiff, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in this suit.

### INTRODUCTION TO THE CASE

The lawsuit at issue was filed on February 21, 2003, against the defendants, EMMANUEL'S MARKETPLACE, INC. and EMMANUEL GERONDARAS, in the United States District Court for the Southern District of New York. The Plaintiff alleges that the defendants violated the Federal Fair Labor Standards Act by not paying eligible employees time and one-half, or overtime compensation, for all hours worked in excess of 40 hours in a week. The lawsuit is seeking back pay and double liquidated damages from the defendants, as well as costs and attorney's fees to compensate such eligible employees. The Defendants deny the Plaintiff's allegations, and deny that they are liable to the Plaintiff for any of the back pay, damages, costs or attorney's fees sought.

### 1. COMPOSITION OF THE CLASS

The named Plaintiff seeks to sue on behalf of himself and also on behalf of other employees with whom he is similarly situated. Specifically, the Plaintiff seeks to sue on behalf of any and all employees who have worked at Emmanuel's Marketplace at any time with the three years preceding the present date (or who are currently employed there), and who worked in a position in which they:

a. Were paid a fixed salary each week rather than an hourly rate; and

b. Spent no more than fifty percent of their time in management functions and also were not "in charge" of a

regular department of the store; and

c. Did not receive overtime compensation at the rate of time and one-half for any work they performed in excess of 40 hours each week.

## 2. YOUR RIGHT TO PARTICIPATE IN THIS SUIT

If you fit the definition above, you may join this case (that is, you may "opt-in") by completing and mailing the attached "Consent to Become Party Plaintiff" form to the Plaintiff's counsel at the following address:

Dan Getman, Esq.

52 S. Manheim Blvd

New Paltz, N.Y. 12561

The form must be sent to the Plaintiff's counsel in sufficient time to have Plaintiff's counsel file it with the federal court on or before [insert date that is 60 days from date of notice mailing].[1] If you fail to return the Consent to Become Party Plaintiff form to the Plaintiff's counsel in time for it to be filed with the federal court on or before the above deadline, you may not be able to participate in this lawsuit.

## 3. EFFECT OF JOINING THIS CASE

If you choose to join in this case, you will be bound by the Judgment, whether it is favorable or unfavorable. You may also be responsible for your proportional share of Plaintiffs' costs associated with this lawsuit other than attorneys' fees, and for potential counterclaims which could be asserted against you by Emmanuel's Marketplace, Inc., or Emmanuel Gerondaras, the Defendants.

The attorney for the class Plaintiffs is being paid on a contingency fee basis, which means that if there is no recovery there will be no attorney's fee. If there is a recovery, the attorney for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. If you sign and return the Consent to Become Party Plaintiff form attached to this Notice, you are agreeing to designate the class representatives as your agents to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiff will be binding on you if you join this lawsuit. However, the Court has retained jurisdiction to determine the reasonableness of any contingency agreement entered into by the Plaintiff with counsel, and to determine the adequacy of the Plaintiff's counsel.

Furthermore, you can join this lawsuit by counsel of your own choosing. If you do so, your attorney must file an "opt-in" consent form by [insert date that is 60 days from date of notice mailing].

## 4. TO STAY OUT OF THE LAWSUIT

If you do not wish to be part of the lawsuit, you do not need to do anything. If you do not join the lawsuit, you will not be part of the case in any way and will not be bound by or affected by the result (whether favorable or unfavorable). Your decision not to join this case will not affect

[1]. By law, a person with an overtime claim has a right to trial by a U.S. District Court Judge. For various reasons, the parties in this case have consented to trial by U.S. Magistrate Judge Lisa Margaret Smith. If you join this case, you are also thereby agreeing that your claim would proceed to judgment, including a trial if one becomes necessary, before Magistrate Judge Smith. If you do not agree to this condition, you should not join this case.

your right to bring a similar case on your own at a future time. However, claims under the Fair Labor Standards Act must be brought within 2 years of the date the claim accrues, unless the employer's violation of the law was "willful," in which case the claim must be brought within 3 years.

## 5. NO RETALIATION PERMITTED

Federal law prohibits defendants Emmanuel's Marketplace, Inc. and Emmanuel Gerondaras from discharging or in any other manner discriminating against you because you "opt-in" to this case, or have in any other way exercised your rights under the Fair Labor Standards Act.

## 6. YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this suit, and agree to be represented by the named Plaintiff through his attorney, your counsel in this action will be:

Dan Getman, Esq.
52 S. Manheim Blvd
New Paltz, N.Y. 12561
845–255–9370

## 7. COUNSEL FOR EMMANUEL'S MARKETPLACE, INC. AND EMMANUEL GERONDARAS

The attorneys for the Defendants Emmanuel's Marketplace, Inc. and Emmanuel Gerondaras are Joseph Carey, 1081 Main St., Ste. E, Fishkill, N.Y. 12524. If you decide to join this case, you should not contact the defendants' lawyer directly yourself.

## 8. FURTHER INFORMATION

Further information about this 'Notice, the deadline for filing a Consent to Become Party Plaintiff, or answers to questions concerning this lawsuit may be obtained by writing or phoning the Plaintiffs'

counsel at the telephone number and address stated in Paragraph 6 above.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, HONORABLE JUDGE LISA MARGARET SMITH, UNITED STATES MAGISTRATE JUDGE. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR OF THE DEFENDANTS' DEFENSES.**

### *CONSENT TO BECOME PARTY PLAINTIFF*

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by the above representative Plaintiff and so designate the class representative as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with the Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit. In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, I also voluntarily consent to have United States Magistrate Judge Lisa Margaret Smith conduct any and all further proceedings in the case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

_____  _____
Signature (sign your name)  Telephone Number

_____
(Print your name)

_____  _____
(Street Address)  (City, State, Zip)

PLEASE RETURN THIS FORM IN TIME FOR FILING WITH THE COURT BY [insert date that is 60 days from date of notice mailing] to:

Law Office of Dan Getman    Telephone: (845) 255–9370
52 So. Manheim Blvd.
New Paltz, N.Y. 12561