Laura PATTON, Plaintiff,

v.

The THOMSON CORPORATION, doing business as Thomson Ria, Defendant.

No. CV 04–4635 LDW JO.

United States District Court, E.D. New York.

April 5, 2005.

clude plaintiff's expert. Accordingly, this Court does not reach that issue.

Scott Browning Gilly, Thompson, Wigdor & Gilly LLP, New York City, for Plaintiff.

Kenneth Welch Digia, Epstein Becker & Green, P.C., New York City, for Defendant.

## MEMORANDUM AND ORDER

ORENSTEIN, United States Magistrate Judge.

Plaintiff Laura Patton ("Patton") seeks an order directing defendant The Thomson Corporation ("Thomson") to provide the names, addresses, social security numbers, and employment dates of all putative class members and granting her leave to circulate a notice of pendency pursuant to 29 U.S.C. § 216(b). Docket Entry ("DE") 12; DE 13. Thomson opposes the motion on several grounds. It asserts that in the absence of a referral from a United States District Judge, I lack authority to grant such relief. As to the merits of the application, Thomson argues that Patton has failed to make a sufficient showing to warrant relief and that Patton's proposed notice of pendency is inappropriate. DE 11. I find that I have sufficient authority to determine the motion, which, for the reasons set forth in this memorandum, I now grant.

### I. Background

Patton filed this collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, to recover unpaid overtime compensation from Thomson. She alleges that while she was employed as a Client Service Manager ("CSM") by Thomson, she routinely worked over forty hours a week without receiving overtime pay as required by the FLSA, because Thomson had improperly classified CSM employees as exempt from the FLSA's overtime provisions. Patton

further alleges that Thomson similarly misclassified all of its CSM employees and deprived them of proper overtime compensation. *Id.* at ¶¶ 3–4. Thomson denies the allegations and asserts that it properly compensated its employees. DE 3. Thomson also challenges Patton's assertion that she is representative of other Thomson CSMs. DE 3.

At the initial conference on January 3, 2005, Patton stated her intent to seek an order directing Thomson to provide information on other potential class members and for leave of court to circulate a Notice of Pendency. I instructed the parties to set a briefing schedule for this motion. DE 5. By letter dated January 19, 2005, Patton requested that I resolve a dispute between her and Thomson concerning the appropriate judge to submit the motion to. DE 7. Patton asserted that as the magistrate judge assigned to this case, I should determine her motion, which she described as a non-dispositive discovery application. Thomson characterized the motion as one seeking to maintain a class action, and thus one that I lack authority to decide pursuant to 28 U.S.C. § 636(b)(1)(A). DE 8. I endorsed the parties' letters with an order directing them to "submit their filings related to this pretrial non-dispositive motion for discovery to me pursuant to 28 U.S.C. § 636(b)(1)(A)." Endorsed Order dated January 20, 2005. The parties thereafter submitted the fully briefed motion on February 28, 2005. DE 11–DE15.

## II. *Discussion*

### A. *Authority to Decide Patton's Motion*

■ Notwithstanding my order of January 20, 2005, in which I explicitly stated my view that the instant motion seeks only non-dispositive discovery relief, and is therefore within the scope of my decisional authority, Thomson persists in a contrary view and urges me either to defer consideration of this motion to the Honorable Leonard D. Wexler, United States District Judge, or alternatively to confine myself to issuing a Report and Recommendation to Judge Wexler. DE 11 at 3–6. Accordingly, before addressing the merits of Patton's motion, I explain the basis of my authority to compel Thomson to produce certain information in discovery and to permit Patton to circulate a notice of pendency.

■ Federal law permits "a magistrate judge to hear and determine any pretrial matter pending before the court," with certain specified exceptions, one of which is "a motion ... to dismiss or to permit maintenance of a class action...." 28 U.S.C. § 636(b)(1)(A). Thomson helpfully cites to my attention case law supporting the position that as a result of this statutory proscription, a magistrate judge cannot certify a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. *See Nelson v. Nationwide Mortgage Corp.,* 659 F.Supp. 611, 619–20 (D.D.C.1987). Should I be presented with a motion seeking such relief, I will certainly conform to that rule. No such motion is now before me.

As discussed below in Part B, a plaintiff's request for leave to circulate a notice of pendency in a case brought under the FLSA is not the same as a motion to maintain a class action under Rule 23. Thomson cites no case law in support of its position that a magistrate judge lacks the authority to grant leave to circulate a notice of pendency in a case under the FLSA or that an order granting such relief is in any way equivalent to the certification of a class action, and I have found none. The only decision the motion presents is whether the members of a proposed class are similarly situated enough to permit the discovery of their names and addresses by Patton and the sending of a notice alerting

them of their right to opt in to the class pursuant to 29 U.S.C. § 216(b). *See Harrington v. Educ. Mgmt. Corp.*, 2002 WL 1009463, *2 (S.D.N.Y. May 17, 2002). After sufficient discovery, the district court will be in a position to determine whether those employees who have chosen to join the lawsuit are similarly enough situated for the purposes of maintaining a collective action at trial. *See Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 480 (E.D.N.Y.2001).

Magistrate Judges have previously ordered relief similar to that sought here in other cases under the FLSA. *See, e.g., Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 91 (S.D.N.Y.2003); *Schwed v. Gen. Elec. Co.*, 159 F.R.D. 373 (N.D.N.Y.1995). I have previously done so myself, although I, like the magistrate judges in *Gjurovich* and *Schwed*, was not previously called upon to examine the basis for exercising such authority. Having now done so, I find no reason to conclude that determining the type of motion now before me exceeds my authority under § 636. To the contrary, I conclude that the relief Patton seeks is a non-dispositive matter of the sort typically referred to magistrate judges, and that an order granting the relief in no way prejudices Thomson's right to contest the maintenance of a class action.

## B.  *Leave to Circulate a Notice of Pendency*

■ In enacting the FLSA, Congress sought to improve "labor conditions detrimental to the maintenance of the minimum standard of living necessary for the health, efficiency, and general well-being of workers." *See* 29 U.S.C. § 202(a). Consistent with that goal, the FLSA requires employers to compensate covered employees for all work performed. *Reich v. N.Y. City Transit Auth.*, 45 F.3d 646, 648–9 (2d Cir.1995)(citing *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 602, 64 S.Ct. 698, 88 L.Ed. 949 (1944)).

In particular, it requires that employees be paid one and one-half time their normal wages for working in excess of forty hours per week. 29 U.S.C. § 207(a)(1). The FLSA exempts certain employees from its overtime requirements, including "any employee employed in a bona fide executive, administrative, or professional capacity . . ., or in the capacity of outside salesman . . . ." 29 U.S.C. § 213(a)(1). Because the FLSA is a remedial act, "its exemptions . . . are to be narrowly construed", and the employer bears the burden of establishing that the claimed exemption applies to its employees. *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 614 (2d Cir.1991) (citation omitted).

An employee claiming that the employer has violated the FLSA's overtime provisions may bring a lawsuit "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Such other employees can become plaintiffs, and thereby be bound by the action's determination, only by affirmatively acting to do so: "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* The question can thus arise as to what steps if any, the plaintiff who commences the action can and should take to alert other potential plaintiffs of the action's pendency and their opportunity to join it.

■ A court may, but need not, authorize such notification, and direct an employer defendant to disclose the names and addresses of similarly situated potential plaintiffs. *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *Braunstein v. E. Photographic Lab., Inc.*, 600 F.2d 335, 336 (2d Cir.1979). The threshold issue in deciding whether to authorize such "opt-in" notice is to determine whether other em-

ployees to whom such notice might be sent are "similarly situated." *Hoffmann v. Sbarro*, 982 F.Supp. 249, 261 (S.D.N.Y. 1997).

■ Although neither the FLSA nor its implementing regulations defines the term "similarly situated," plaintiffs need only make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (citations omitted). This burden "is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" *Id.* That this burden is significantly less exacting than the matters that must be demonstrated to sustain certification of a class under Federal Rule of Civil Procedure 23—numerosity, commonality, typicality, and adequate representation—makes sense. The FLSA's opt-in provision simply provides an opportunity for potential plaintiffs to join the action but does not bind those who do not; by contrast, the "opt-out" regime under Rule 23 does bind absent class members who nevertheless are deemed to have had adequate opportunities to participate in the action brought on their behalf. *See id.* at 263 (citations omitted); *Rodolico*, 199 F.R.D. at 482.

■ In this case, Patton has made the modest factual showing needed to support a preliminary determination that there may be others similarly situated who should be notified of their opportunity to join this suit as plaintiffs. First, Patton alleges that she routinely worked in excess of forty hours a week without receiving one and one-half times her normal compensation in accordance with the FLSA's overtime rules. DE 1 at ¶ 4. She also alleges that she did not receive overtime pay, because Thomson had improperly classified her position as exempt from the statutory overtime requirement. Second, Patton alleges that all CSMs have the same job duties and assignments and that they are paid in the same manner as Patton. *Id.* Third, in its answer Thomson concedes that it applies the same classification to all CSM employees and pays them "in the same manner pursuant to the same policies." DE 3 at ¶ 25.[1] Fourth, Patton has submitted a copy of the job description summary drafted by Thomson to describe the CSM position that explicitly characterizes the position as exempt from the FLSA. DE 13, Ex. D. This description lists the duties of a CSM employee, lists the percentage of time each CSM should devote to each duty and states that the position involves over-time hours. If Patton has a viable FLSA claim against Thomson as the result of its classification of her position, it is likely that there are other similarly situated employees who have a similarly viable claim.

■ I therefore grant Patton's application to circulate a notice of pendency to other persons similarly situated to herself pursuant to 29 U.S.C. § 216(b). I find it is appropriate to do so at this stage, rather than awaiting the completion of discovery, for two reasons. First, doing so now is "a

---

1. Thomson labels Patton's position as "Go System–CSM," DE 14 at 19, but appears to be referring to the same group of employees that Patton calls "CSMs." The only class of employees as to which Patton has demonstrated similar circumstances warranting relief is the group Go System–CSMs. For example, the "CSM Job Description" that Patton claims applies to every member of her potential class is a description of the Go System–CSM position. DE 13 at 7 & Ex. D. Accordingly, the relief I order herein relates only to those employees whom Thomson has classified as Go System–CSMs. If Patton intends "CSMs" to refer to a broader group of employees as to whom she seeks similar relief, she must identify that broader group and demonstrate that they too are similarly situated.

means of facilitating the Act's broad remedial purpose and promoting efficient case management." *Hoffmann,* 982 F.Supp. at 262. (citing *Braunstein,* 600 F.2d at 336). In particular, early notice will help to preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case.[2]

Second, the preliminary determination I now make does not prejudice the defendants precisely because it is preliminary. It may be revisited if it later appears, after appropriate discovery, that the additional plaintiffs who opt to join the lawsuit, if any, are not similarly situated to Patton. *Gjurovich,* 282 F.Supp.2d at 96 (citation omitted); *see also Rodolico,* 199 F.R.D. at 484 ("the Court has discretion to create subclasses or to dismantle the collective action"). The factual concerns raised by Thomson in its memorandum of law are better addressed at the conclusion of discovery, and my decision preserves its ability to raise these concerns in advance of any ruling by the district court permitting the plaintiffs to proceed to trial as a class.

### C.  *Patton's Proposed Notice*

Patton has submitted a proposed notice of pendency.  DE 13, Ex. D. Thomson has devoted much of its opposition to describing perceived problems with the proposal, claiming it has a variety of potentially misleading deficiencies.  DE 11 at 19–25. It has also drafted a competing proposal that it argues is more appropriate.  After reviewing both parties proposed notices, I decline to choose one or the other.  Now that the parties know that a notice must be sent, I will give them an opportunity in the first instance to confer in good faith regarding the differences between their proposals and then submit a revised jointly proposed notice.

### III.  *Conclusion*

For the reasons stated above, Patton's motion for an order: (1) directing Thomson to provide the names, addresses, social security numbers, and employment dates of all putative class members, and (2) granting leave to circulate a notice of pendency pursuant to 29 U.S.C. § 216(b) is GRANTED.  The notice may be circulated to current and former Thomson employees who, during the last three years, held the position of Go System–CSM.  Thomson is directed to disclose the names, last known contact information, and employment dates for all such current and former employees by April 19, 2005, provided, however, that it may withhold the social security numbers of such employees until the parties have entered into an appropriate confidentiality agreement.  The parties are further directed to confer and provide the Court with a joint proposed Notice of Pendency by April 19, 2005.

**SO ORDERED.**

---

**2.**  Patton alleges that Thomson willfully violated the FLSA. DE 1 at ¶ 4. If she can prove that allegation, her claim—and that of all similarly situated Thomson employees—is subject to a three year statute of limitations under the FLSA. 29 U.S.C. § 255(a). The limitations period is tolled with respect to other potential plaintiffs only if they opt in to the case. *Hoffmann,* 982 F.Supp. at 260 (citing *Soler v. G & U, Inc.,* 86 F.R.D. 524, 528–529 (S.D.N.Y.1980)); *see* 29 U.S.C. § 256. Accordingly, I grant the requested relief with respect to all persons employed as Go System–CSMs within the last three years.