**WHITEHORN, et al., Plaintiffs,**

v.

**WOLFGANG'S STEAKHOUSE, INC., et al., Defendants.**

**No. 09 Civ. 1148 (LBS).**

United States District Court, S.D. New York.

Feb. 8, 2011.

Charles Edward Joseph, Daniel Maimon Kirschenbaum, Michael Douglas Palmer, Joseph and Herzfeld, Ny, NY, for Plaintiffs.

Elliott S. Martin, Elliott S. Martin, Esq., Brooklyn, NY, for Defendants.

### MEMORANDUM & ORDER

SAND, District Judge.

Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA") and New York state law. Before the Court is Plaintiffs' motion for conditional collective action certification and court facilitation of notice pursuant to 29 U.S.C. § 216(b).[1]

Plaintiffs also seek (1) production of contact information, including social security numbers, alternate phone numbers and addresses, and dates of employment for all potential collective members;[2] (2) posting of the Notice of Lawsuit, along with the consent forms, in conspicuous locations in Wolfgang's New York restaurants; and (3) equitable tolling of collective members' claims. Defendants do not oppose the conditional certification of the collective action or the issuance of notice to the collective members, but they object to certain aspects of Plaintiffs' request, discussed *infra*. For the reasons discussed herein, Plaintiffs' motion is granted in part and denied in part.

### I. Discussion

Section 216(b) provides that an action under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). At the conditional certification stage, a plaintiff must make only "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y.1997). The parties do not dispute that the pleadings and affidavits sufficiently allege that the named plaintiffs are "similarly situated" to other tipped employees of Wolfgang's New York restaurants. Conditional certification is granted.

However, Defendants object to the following: (1) Plaintiffs' request for the production of collective members' social secu-

---

1. Plaintiffs do not in this motion seek to certify a Rule 23 class action for their New York state law claims.

2. Plaintiffs initially sought production of email addresses as well, but have withdrawn that request.

rity numbers; (2) the posting of the Court-approved notice in the common area of Defendants' New York restaurants; (3) Plaintiffs' request for equitable tolling; and (4) the form of the Plaintiffs' proposed notice.

### a. Production of Social Security Numbers

■ The Court granted Plaintiffs' previous request for production of putative collective members' names and contact information in its Order of June 14, 2010, 2010 WL 2362981. Plaintiffs now assert that they lack addresses for three individuals, which Defendants have been unable to produce, and that letters mailed by Plaintiffs' counsel to 17 of approximately 90 collective members were returned as undeliverable. According to Plaintiffs' counsel, "the best way to locate these employees is to perform a public records search by social security number." Defendants object on privacy grounds and assert that it is possible to conduct a public records search without social security numbers.

■ The request to compel production of social security numbers is within the Court's sound discretion. *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) (recognizing district court's "broad discretion to direct and manage the pretrial discovery process"); *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F.Supp.2d 200, 210 (N.D.N.Y.2009) ("Like most pretrial discovery, plaintiffs' request [to compel disclosure of social security numbers] involves a matter which is entrusted to the court's sound discretion."). While courts often decline to allow discovery of social security numbers due to privacy concerns, it is generally accepted that such discovery is permitted where Plaintiff can demonstrate that names and contact information are insufficient to effectuate notice. *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 60 (S.D.N.Y.2009) ("If Plaintiffs find that a large number of notices are returned as undeliverable, the Court can consider the [request for disclosure of social security numbers] at that time."); *Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295(GEL), 2007 WL 2873929, at *6 (S.D.N.Y. Oct. 2, 2007) (denying production of social security numbers where plaintiff had "not demonstrated that such information will aid in further reducing the already low number of notices that were returned undeliverable"). Other courts have allowed disclosure apparently without such a showing where the plaintiffs agreed to execute a confidentiality agreement. *See, e.g., Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385(CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010) (ordering defendants to produce collective members' social security numbers subject to plaintiffs' execution of confidentiality agreement); *Fang v. Zhuang*, No. 10 Civ. 1290(RRM)(JMA), 2010 WL 5261197, at *4 (E.D.N.Y. Dec. 1, 2010) (same).

■ Here, it is not disputed that Plaintiffs have had difficulty contacting a number of potential members. Unnecessary delays are of particular concern because the FLSA's "limitations period continues to run until the potential class member opts in, giving rise to a need to identify and provide notice to potential class members promptly." *Dziennik v. Sealift, Inc.*, No. 05 Civ. 4659(DLI)(MDG), 2006 WL 1455464, at *2 (E.D.N.Y. May 23, 2006). Furthermore, Plaintiffs have agreed to enter into a confidentiality agreement. Defendants are therefore ordered to produce the social security numbers of those prospective members whose mailings were returned as undeliverable and any prospective members for whom Defendants are unable to locate contact information. Plaintiffs are to provide a fully executed agreement to maintain confidentiality regarding the use of the social security num-

bers within five days of the date of this order. The agreement shall state that the numbers will be maintained by counsel alone and used solely to perform public records searches to locate and provide notice to prospective members; that all copies of the numbers, including any program or other document created using the numbers, will be destroyed once the searches are complete; and that counsel will certify, in writing, that the terms of this order have been adhered to once the destruction of this data is complete. *See Shajan v. Barolo, Ltd.*, 2010 WL 2218095, at *1 (requiring similar terms).

### b. Posting of Notice in Defendants' New York Restaurants

■ Plaintiffs request that Defendants post the Notice of Lawsuit, along with consent forms, in conspicuous locations in Wolfgang's New York restaurants. Defendants object on the grounds that such postings would unnecessarily disturb their business given that Plaintiffs have contact information for current employees. Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail. *See, e.g., Malloy v. Richard Fleischman & Assocs. Inc.*, No. 09 Civ. 322(CM), 2009 WL 1585979, at *4 (S.D.N.Y. June 3, 2009) (requiring defendant to "post the notice in each workplace where potential collective action members are employed" within ten business days of date of decision); *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F.Supp.2d 89, 96 (E.D.N.Y.2010) ("[W]hile defendants object to the posting of the Notice at their business locations— and request an order prohibiting it—such a practice has been routinely approved in other cases."). Defendants do not explain how such a posting would be more burdensome in this case. Plaintiffs' request is granted.

### c. Equitable Tolling

■ An action under the FLSA has a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C.A. § 255(a). In a collective action suit such as this, the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form opting into the suit. *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 198–99 (S.D.N.Y.2006) (citing 29 U.S.C. §§ 255, 256); *Sbarro*, 982 F.Supp. at 260 ("[O]nly by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled.").

■ While "[s]igned consents do not relate back to the original filing date of the complaint," *ABC Carpet*, 236 F.R.D. at 199, the court may apply equitable tolling "as a matter of fairness where a [party] has been prevented in some extraordinary way from exercising his rights." *Iavorski v. United States I.N.S.*, 232 F.3d 124, 129 (2d Cir.2000) (quoting *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996)). An extraordinary circumstance might exist if the employee shows that it would have been impossible for a reasonably prudent person to learn of the cause of action, *see Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir.1985), or if the defendant concealed from the plaintiff the existence of the cause of action, *Gustafson v. Bell Atl. Corp.*, 171 F.Supp.2d 311, 323 (S.D.N.Y.2001) (explaining that statute of limitations begins to run when plaintiff either acquires actual knowledge of facts comprising his claim or should have acquired such knowledge through reasonable diligence).

■ Plaintiffs seek to toll the statute of limitations for potential collective members

on the ground that Defendants' delay in providing contact information for some potential opt-ins prevented Plaintiffs from communicating with them. Plaintiffs' request is premature at this stage. Assuming Defendants' delay was so extraordinary as to merit equitable tolling, is not yet clear whether or not any potential plaintiffs will be barred from this action due to a delay in notice. Where, as here, the Court permits notice to be effectuated upon a large class of Plaintiffs, the determination as to the timeliness of each future plaintiff's action is better reserved for a future proceeding. *See Thompson v. World Alliance Fin. Corp.*, No. 08 Civ. 4951(AKT), 2010 WL 3394188, at *7 (E.D.N.Y. Aug. 20, 2010) (permitting plaintiffs to notify potential members employed within three years of filing complaint, but declining to rule on equitable tolling until later date). Plaintiffs' request for equitable tolling is denied with the understanding that individual plaintiffs may seek such tolling upon demonstrating its applicability.

### d. Form of Plaintiffs' Proposed Notice of Lawsuit

 "[T]he district court has discretion regarding the form and content of the notice." *In re Penthouse Exec. Club Comp. Litig.*, No. 10 Civ. 1145(NRB), 2010 WL 4340255, at *4–5 (S.D.N.Y. Oct. 27, 2010); *ABC Carpet*, 236 F.R.D. at 202 ("[T]he Supreme Court has noted that the "details" of notice should be left to the broad discretion of the trial court.") (citing *Hoffmann–La Roche v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)). Plaintiffs have submitted a proposed notice and opt-in consent form, to which Defendants propose a number of amendments. The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide "accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate." *Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp.2d 317, 323 (S.D.N.Y.2007) (quoting *Hoffmann–La Roche*, 493 U.S. at 170, 110 S.Ct. 482). While the Court will permit reasonable amendments, those that are "unduly argumentative, meant to discourage participation in the lawsuit, or are unnecessary or misleading" should be rejected. *In re Milos Litig.*, No. 08 Civ. 6666(LBS), 2010 WL 199688, at *2, 2010 U.S. Dist. LEXIS 3038, at *5 (S.D.N.Y. Jan. 11, 2010).

 As to Defendants' request that prospective members be notified of the possibility that they will be required to participate in discovery and testify at trial, such text is routinely accepted, and Plaintiff is ordered to make this amendment. *See Bah v. Shoe Mania, Inc.*, No. 08 Civ. 9380(LTS)(AJP), 2009 WL 1357223, at *3– 4 (S.D.N.Y. May 13, 2009) (amending notice "to inform the potential plaintiffs that, if they opt in, they *may* be asked to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial"); *Shajan*, 2010 WL 2218095, at *1–2 ("[P]utative class members should be told that they may be required to participate in the process known as pre-trial discovery, which may involve answering questions under oath, orally or in writing; they may also be required to testify at trial."). The Notice should also be amended, as Defendants request, to state that participating plaintiffs may retain their own counsel. *See Shajan*, 2010 WL 2218095, at *2 ("And the notice should say that anyone who consents to participate has the right to hire his/her own attorney, at his/her own expense."); *Garcia v. Pancho Villa's*, 678 F.Supp.2d at 95 (directing plaintiffs "to modify the proposed Notice so that potential plaintiffs are informed that they may

retain their own counsel, should they choose to join the within litigation, as an alternative to plaintiffs' counsel's firm."). Defendant's request to include defense counsel's contact information is also reasonable, and the notice should be so amended. *Bah v. Shoe Mania*, 2009 WL 1357223, at *3–4 (requiring inclusion of contact information of counsel for Defendants). However, this information belongs under a separate heading entitled "ATTORNEYS FOR DEFENDANTS" rather than in the section entitled "FURTHER INFORMATION" in order to avoid unnecessary confusion. *See Cryer v. Intersolutions, Inc.*, No. 06–2032, 2007 WL 1053214, at *3 (D.D.C. Apr. 7, 2007) (ruling that inclusion of contact information for defense counsel who are not involved in distribution of notice or collection of consent forms is unnecessary and creates potential for confusion).

■ However, Defendants' request to notify potential plaintiffs that they may be responsible for counterclaims or any other costs is denied. *See Guzman v. VLM, Inc.*, No. 07 Civ. 1126, 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007) (rejecting such language because it "may have an in terrorem effect that is disproportionate to the actual likelihood that costs or counterclaim damages will occur in any significant degree"). Nor may Defendants include a position statement beyond that included in Plaintiffs' proposed notice. *See Delaney v. Geisha NYC*, 261 F.R.D. at 59 ("[B]ecause the description of Plaintiffs' FLSA claim is brief, the statement that 'Japonais denies that they violated the Fair Labor Standards Act' is sufficient."); *Shajan*, 2010 WL 2218095, at *2 ("Defendants will not be permitted to include any statement of position in the notice, and nothing is to be said about paying defendants' costs."). Likewise, the provision regarding disproportional recovery, Opp. Ex. B at 4, and the condition added to the Court Authorization section, Opp. Ex. B at 5, are unnecessary and hereby rejected.

Defendants also seek to modify the sections that identify the relevant period as the three years prior to the date Plaintiffs filed the complaint. Because the statute of limitations runs for each individual plaintiff until he consents to join the action, courts generally permit plaintiffs to send notice to those employed during the three year period prior to the date of the Order or to the mailing of the notice. *See, e.g., In re Penthouse Exec. Club*, 2010 WL 4340255, at *5 n. 4 ("[I]t is appropriate at this stage for the plaintiffs to provide notice to all dancers who worked at the Penthouse Executive Club within three years of the sending of the notice to conform as closely to 29 U.S.C. § 256 as possible."); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 101, 106 (S.D.N.Y.2003) (providing that notice heading should be addressed to those employed at defendant's place of business within three years preceding order). However, Plaintiffs allege that equitable tolling may extend the statute of limitations for certain prospective plaintiffs. Therefore, it is appropriate for notice to be sent to the larger class of prospective members, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date. *See Fasanelli*, 516 F.Supp.2d at 323, n. 3 (S.D.N.Y.2007) (allowing notice to be sent to employees who worked for defendants at any point within three years of filing of complaint but recognizing that challenges could later be entertained regarding timeliness of claims of certain opt-ins); *Thompson*, 2010 WL 3394188, at *7 (same).

■ Finally, Defendants object to the 90 day opt-in period contained in the proposed Notice of Lawsuit. Defendants request a 60 day period, which is more con-

452

sistent with FLSA practice. *See, e.g., Bah v. Shoe Mania,* 2009 WL 1357223, at *3 (60 days); *Gjurovich,* 282 F.Supp.2d at 107 (60 days); *Bowens v. Atl. Main. Corp.,* 546 F.Supp.2d 55, 85 (E.D.N.Y.2008) (finding courts "have held that a sixty (60)-day period is sufficient for the return of Consent Forms"). While some courts have granted up to 90 day opt-in periods, they generally do so where the period is agreed upon between the parties or special circumstances require an extended opt-in period. *See In re Milos Litig.,* 2010 WL 199688, at *2–3, 2010 U.S. Dist. LEXIS 3038, at *7 (90 days); *Fang v. Zhuang,* 2010 WL 5261197, at *4 (providing for 90–day period "in light of the frequent, long-term international travel of many of the prospective plaintiffs"). Plaintiffs do not argue that the circumstances of this case require an extended period, and the Court is aware of no reason that 60 days would be insufficient. Thus, the Notice is to be amended to require opt-in plaintiffs to consent to join the action within 60 days of the date of the notice, provided that the Court will entertain untimely motions to join on a showing of good cause for the delay.

## II. Conclusion

The action is hereby conditionally certified as a collective action under 29 U.S.C. § 216(b). The parties are to confer and submit a revised Notice of Lawsuit in accordance with this Order within 7 days. Thereafter, a copy of the Notice, together with a consent form, shall be mailed to potential collective action members. For the duration of the 60 day period, Defendants shall post a copy of the notice in each of Defendants' three restaurants, in a conspicuous place where putative plaintiffs are likely to see it.

SO ORDERED.