Elaine L. CHAO, Secretary of Labor, United States Department of Labor, Plaintiff–Appellee,

v.

VIDTAPE, INC., A Corporation, Inventive Technology Systems, A Corporation, Mohinder Singh Anand, Individually, and as President of Vidtape, Inc., Arjan Singh Anand, Individually, and as an Officer of Vidtape, Inc., Satinder Singh Anand, Individually and as President of Inventive Technology Systems, Defendants–Appellants.

Nos. 02–6090, 02–6129.

United States Court of Appeals, Second Circuit.

May 29, 2003.

Jerold Wolin, Wolin & Wolin, Jericho, NY, for Appellants.

Carol Arnold, Attorney United States Department of Labor, Washington, DC, for Appellee, (Howard M. Radzely, Acting Solicitor of Labor, Steven J. Mandel, Associate Solicitor, Paul L. Frieden, Counsel for Appellate Litigation, of counsel).

Present: LEVAL, CABRANES, Circuit Judges, and MURTHA,[*] District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is **AFFIRMED, AS MODIFIED.**

Defendants appeal from an amended judgment of the District Court dated April 22, 2002, granting injunctive relief to plaintiff, as well as $119,853.58 in back wages, $119,853.50 in liquidated damages, and costs.

## I. Background

This action was brought by the Secretary of Labor ("the Secretary") against corporate defendants Vidtape, Inc. ("Vidtape") and Inventive Technology Systems, Inc. ("Inventive"), and their principals Mohinder, Satinder, and Arjan Singh Anand.

The Secretary alleged that defendants engaged in numerous violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., between May 1, 1995 and June 10, 1997, including: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) employment of a child; (4) violation of the "hot goods" provision of the Act by putting into the stream of commence goods produced in violation of the FLSA; and (5) violation of the FLSA's record-keeping provisions. The Secretary sought injunctive relief to enjoin these violations, as well as back-pay, liquidated damages, and costs on behalf of 67 employees.

At a bench trial, the District Court heard testimony presented by the Secretary from 21 former Vidtape employees who testified as to defendants' violations of the FLSA and from John Bialt Jr., an expert witness who performed back-wage calculations. Defendants countered this evidence with testimony from a former Vidtape employee; from three current Inventive employees; and from defendants Mohinder, Satinder and Arjan Singh Anand. In an amended opinion dated April 22, 2002, the District Court generally credited the trial testimony of plaintiff's witnesses over that of defendants' witnesses, and entered judgment in favor of the Secretary. *Chao v. Vidtape, Inc.*, 196 F.Supp.2d 281 (E.D.N.Y.2002).

The Court held that defendants had wilfully violated the FLSA's minimum wage, overtime, child labor, "hot goods," and record-keeping provisions. *Id.* at 292–97. Accordingly, the court: (1) permanently enjoined all defendants from violating various provisions of the FLSA; (2) held all defendants, except for Arjan Singh Anand (who the Court determined was not an "employer" under the FLSA), liable for $119,853.58 in back wages and $119,853.50 in liquidated damages; and (3) awarded costs to plaintiff. *Id.* at 298–300. Al-

---

[*] The Honorable J. Garvan Murtha, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

though the Court held Inventive liable for back wages in its judgment, this result is in conflict with the Court's dismissal at trial of all back wage claims against Inventive, which had not yet commenced operations at the time of the alleged violations. *See id.* at 284, 296 n. 6. The Secretary and defendants agree that Inventive should not have been held liable for back wages and, accordingly, the District Court's judgment will be modified to exclude Inventive from the Court's award of damages.

On appeal, defendants assert that the District Court erred: (1) in holding that Satinder Singh Anand was an "employer," (2) in holding that Vidtape and Inventive are one "enterprise," both subject to the Court's injunction, (3) in finding that defendants violated the minimum wage and overtime provision of the FLSA, (4) in it its computation of back wages, and (5) in holding that plaintiff was entitled to back pay on behalf of Vidtape employees Malkit Singh and Hardeep Anand.

## II. Discussion

We have considered the first four arguments raised by defendants-appellants and find them to be without merit. Defendants' fifth argument, however–that the District Court erred in awarding back wages on behalf of employees Malkit Singh and Hardeep Anand–requires further discussion.

### A. Liability with Respect to Malkit Singh

Defendants assert that Malkit Singh was exempt from the FLSA's minimum wage and overtime requirement because he was "employed in a bona fide executive, administrative or professional capacity," 29 C.F.R. § 541.1, thereby rendering the

court's award of $9,890.40 in back wages and $4,409.17 in overtime pay with respect to him erroneous.

Under 29 C.F.R. § 541.1, the definition of an exempt "executive" varies depending on whether that employee is paid a salary between $155 and $250 per week or, alternatively, paid a salary of over $250 per week. 29 C.F.R. § 541.1(f). In order for a person making between $155 and $250 a week to be considered an executive, a defendant must satisfy what is commonly referred to as the "long test" by proving that the employees's "primary duties consisted of management of the enterprise, that he directed the work of two or more employees, that he had the power to hire or fire employees, that he customarily and regularly exercised discretionary powers, and that at least [eighty] per cent[1] of his time was allocated to supervisory duties." *Vidtape,* 196 F.Supp.2d at 297 (citing 29 C.F.R. § 541.1 (requiring that all the above elements be met for the employee to be exempt)); *see Donovan v. Burger King Corp.* 675 F.2d 516, 517–18 (2d Cir.1982) (discussing the "long" and "short" tests for executive status under 29 C.F.R. § 541.1). For employees making over $250 per week, however, a defendant need only satisfy what is commonly referred to as the "short test" by demonstrating that the employee's "primary duty consists of the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein." 29 C.F.R. § 541.1(f); *see Burger King,* 675 F.2d at 517–18.

■ The District Court applied the "long test" because Malkit Singh was paid

---

1. The District Court stated "twenty per cent" in its opinion, but this articulation is clearly a mistake, as the statute requires that an executive under the "long test" spend "no more than 20 percent" of his time on non-supervisory functions. 29 C.F.R. § 541.1(e).

a monthly salary of $719, as demonstrated by Vidtape's payroll records. However, defendants argue that the "short test" should apply because pay checks from the relevant time period indicate that Malkit was actually paid between $1068 and $1950 per month, which is, on average, more than $250 per week. This discrepancy in salary between the Vidtape's payroll records and Malkit's pay checks appears to be the result of his having received, in addition to his salary of $719 per month, additional wages earned from sales calls and commissions. *See Vidtape,* 196 F.Supp.2d at 297. Because only wages accrued "on a salary basis," count toward the calculation, 29 C.F.R. § 541.1(f), we agree with the District Court that the "long test" was appropriate. *See Kelly v. City of Mount Vernon,* 162 F.3d 765, 766 (2d Cir.1998) (discussing the "salary basis" requirement). Accordingly, we also agree with the District Court that under that test, Malkit cannot be considered an exempt executive because defendants have not demonstrated that Makit meets each of the factors required to be considered under the "long test." *See Vidtape,* 196 F.Supp.2d at 297–98.

■ Even if Malkit Singh is not an exempt "executive," defendants suggest an alternative argument that the award of back wages to Malkit was inappropriate to the extent that his minimum wage and overtime amounts were calculated without regard to his wages from his commissions, as reflected in his pay checks. *See, e.g., Biggs v. Wilson,* 1 F.3d 1537, 1542 (9th Cir.1993) (holding that commissions may count toward the minimum wage and over-

time requirements, so long as a proper minimum amount is paid within each relevant pay period). However, the pay checks introduced by defendants showing that Malkit was actually paid between $1068 and $1950 per month during the relevant time period do not indicate how many hours Malkit Singh worked, or how many of those hours might have constituted overtime wages. Defendants have not presented to this Court any estimate of their own as to how many regular and overtime hours Malkit Singh worked or how the wages actually paid compare to the minimum and overtime wages that should have been paid to Malkit Singh each week. Other than suggesting that no damages are appropriate—a proposition that seems impossible [2]—defendants have failed to suggest an alternative calculation of damages. Defendants have not proved, with precision, that the Secretary's estimates with respect to Malkit Singh were incorrect or otherwise unreasonable, or that the District Court's acceptance of those figures was clearly erroneous. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687–88, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946) (requiring evidence as to the precise amount of time worked or as to the unreasonableness of the plaintiff's methodology).

Finally, we reject defendants' additional argument that the District Court's award of back wages to Malkit Singh was improper because "[w]here the employees fall into several job categories, ... at a minimum, the testimony of a representative employee from, or a person with first-hand knowl-

---

**2.** For. example, assuming a monthly pay check of $1068 (at the low end of Malkit Singh's monthly pay, from his pay check dated July 5, 1996), and a regular workweek of 60 hours (consistent with the Court's findings of fact, *see Vidtape,* 196 F.Supp.2d at 287), then Malkit Singh was paid a wage of approximately $4.14 per hour (assuming 4.3 weeks in a month), below the minimum wage of $4.25 at that time, even excluding time-and-a-half for overtime. It seems clear in this case that, at the very least, some back wages on behalf of Malkit Singh are warranted.

edge of, each of the categories is essential to support a back pay award." *Reich v. Southern New England Telecomm. Corp. ("SNET")*, 121 F.3d 58, 67 (2d Cir.1997) (quoting *Secretary of Labor v. DeSisto*, 929 F.2d 789, 793 (1st Cir.1991)) (internal quotation marks omitted). Despite the fact that numerous employees testified that Malkit Singh was a "supervisor," defendants have not established that his job, whatever his supervisory responsibilities, was sufficiently different from the employees working alongside him to make their testimony as to the conditions and hours of their employment inapplicable to him. In fact, two employees testified to the effect that Malkit Singh worked the same hours as they did at the factory. Tr. at 321–22, 401–02. The testimony of those employees was sufficient to support an award of backpay award with respect to Malkit Singh. *See Vidtape*, 196 F.Supp.2d at 298.

## B. Liability with Respect to Hardeep Anand

We agree with defendants that the District Court should not have awarded the Secretary back pay on behalf of Hardeep Anand, who testified that she was a bookkeeper and secretary in the offices of Vidtape and was responsible for calculating payroll. *Id.* at 288–89. Defendants assert that because she was the only employee who testified that she performed bookkeeping duties, and because her testimony, which was not directly contradicted by any other employee, indicated that she was paid proper wages, the District Court's award of back pay with respect to her was improper. Defendants again cite the *SNET* case to support their claim that "[w]here the employees fall into several job categories, ... at a minimum, the testimony of a representative employee from, or a person with first-hand knowledge of, each of the categories is essential to support a back pay award." *SNET*, 121 F.3d at 67.

■ We agree with defendants that the Secretary presented insufficient evidence to establish as a matter of just and reasonable inference that defendants paid subminimum wages or failed to pay proper overtime wages to Hardeep Anand. Although the District Court did not credit her testimony regarding her knowledge of the overtime wages and hours paid to employees in her capacity as a bookkeeper, *Vidtape*, 196 F.Supp.2d at 288–89, and did not believe her testimony that she was in fact paid proper wages, *id.* at 297, neither the District Court nor the Government has questioned the fact that Hardeep Anand was in fact a bookkeeper as she claims. Assuming that she was a bookkeeper, the District Court, however much it may have disbelieved her testimony, could not rely solely on the testimony of the 21 witnesses presented by the Secretary–none of whom were bookkeepers or held a position even remotely similar to that of bookkeeper–to establish her regular work hours and practices. The District Court erred when it held defendants liable for back wages on behalf of Hardeep Anand because the Government did not offer sufficient proof that she was paid improper wages as a matter of just and reasonable inference. The judgment of the District Court will therefore be modified to eliminate its award of $1,691.73 in back wages, and an equal amount in liquidated damages, with respect to Hardeep Anand. *See Vidtape*, Ex. A.

\* \* \* \* \* \*

We have considered all of defendants' arguments. The judgment of the District Court is hereby **AFFIRMED, AS MODIFIED** in the following respects: (1) to eliminate any reference to Inventive in the District Court's award of back pay against Vidtape, Mohinder, and Satinder Singh

Anand; and (2) to reduce the Court's award of both back pay and liquidated damages by $1,691.73 each ($3,383.46 in total), to eliminate any liability with respect to Hardeep Anand.