Baudilio Morales AVILA, Jose L. Reyes Cabrera, Adan DeJesus Veliz, on behalf of themselves and all others similarly situated, Ronaldo Carrillo Palencia, individually, Fredy Manolo Carillo, individually, Plaintiffs,

v.

NORTHPORT CAR WASH, INC., d/b/a Northport Car Wash, Champion Car Washing, Inc., d/b/a Champion Car Wash, Mike Dusold, Northport Car Care LLC, d/b/a Northport Car Wash, Nathan Kaufman, Defendants.

No. CV 10–2211(LDW)(AKT).

United States District Court,
E.D. New York.

March 10, 2011.

Marijana F. Matura, Troy L. Kessler, Shulman Kessler LLP, Melville, NY, for Plaintiffs.

Raymond Nardo, Attorney at Law, Mineola, NY, Ira A. Sturm, Raab Sturm & Goldman, LLP, New York, NY, for Defendants.

### ORDER

A. KATHLEEN TOMLINSON, United States Magistrate Judge:

## I. *PRELIMINARY STATEMENT*

Plaintiffs Baudilio Morales Avila, Jose L. Reyes Cabrera, and Adan DeJesus Veliz, on behalf of themselves and all others similarly situated, as well as Ronaldo Carrillo Palencia and Fredy Manolo Carillo, individually (collectively "Plaintiffs") bring this action, seeking unpaid overtime compensation from Defendants Northport Car Wash, Inc., Champion Car Washing, Inc., Mike Dusold, (collectively, the "Champion Defendants"), Northport Car Care LLC, and Nathan Kaufman (collectively, the "Kaufman Defendants"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*, and the New York State Labor Law.

Currently before this Court is Plaintiffs' motion for: (1) conditional certification of a collective action pursuant to 29 U.S.C. § 216(b) ("Section 216(b)"); (2) Defendants' production of names and last known addresses of potential class members employed by Defendants from May 2004 through December 2010; and (3) Court authorization to post and circulate a proposed Notice of Pendency and Consent to Join, in English and Spanish, to all individuals who are similarly situated in this potential collective action. *See* DE 32. The Champion Defendants have filed opposition to Plaintiffs' motion. *See* DE 33. However, the Champion Defendants do not contest the conditional certification of this action as a collective action pursuant to Section 216(b). Rather, the Champion Defendants raise objections concerning the proposed Notice of Pendency and Consent to Join submitted by Plaintiffs.[1] The Kaufman Defendants did not submit opposition to Plaintiffs' motion. Based on my review of the parties' submissions and the applicable case law, and for the reasons set forth below, Plaintiffs' motion is hereby GRANTED to the following extent.

---

1. The letter submitted by counsel for the Champion Defendants also states that "several of the plaintiffs who allegedly signed affidavits have represented to defendants, in communications made by the plaintiffs to defendants, that they did not, in fact, join this action." DE 33 at 1. The Court scheduled a conference to discuss this issue. Prior to the conference, counsel for the Kaufman Defendants submitted a letter stating, "I am advised by co-counsel that the issues raised in the letter motion have been resolved and on behalf of my clients, I do not seek to raise any issues. Accordingly the parties jointly request the cancellation" of the scheduled conference. DE 35. In light of these representations, the Court cancelled the conference and will not address this particular issue.

## II. Background

Plaintiff Baudilio Morales Avila was employed by Defendants as a car laborer who cleaned, dried, and detailed cars from approximately September 2008 until January 2010. Am. Compl. ¶¶ 17–18. Plaintiff Jose L. Reyes Cabrera was also employed by Defendants as a car laborer who cleaned, dried and detailed cars from approximately January 2004 until September 2009. Am. Compl. ¶¶ 19–20. Plaintiff Adan DeJesus Veliz has also been employed by Defendants as a car laborer who cleans, dries, and details cars from approximately May 2006 through the present. Am. Compl. ¶¶ 21–22. Plaintiff Ronaldo Carrillo Palencia was also employed by Defendants as a car laborer who cleaned, dried, and detailed cars from approximately May 2004 until January 2005 and again from approximately July 2006 until January 2007. Am. Compl. ¶¶ 23–24. Plaintiff Fredy Manolo Carillo was also employed by Defendants as a car laborer who cleaned, dried, and detailed cars from approximately July 2004 until December 2005 and again from approximately March 2006 until January 2008. Am. Compl. ¶¶ 25–26. Defendants are engaged in the car wash and detailing business on Long Island. Am. Compl. ¶¶ 28–29, 33–34, 38–39. Defendants Mike Dusold and Nathan Kaufman are alleged to be the owners, operators, Presidents, Vice–Presidents, shareholders, and Chief Executive Officers of Northport Car Wash Inc., Champion Car Washing, Inc., and Northport Car Care, LLC., and as such, have authority over personnel and payroll decisions. Am. Compl. ¶¶ 42–117.

Plaintiffs contend that they were required to be paid overtime pay at the statutory rate of time and one-half the regular rate of pay after working more than 40 hours in a workweek. Am. Compl. ¶¶ 121, 125, 129, 133, 137. In most workweeks, Plaintiffs claim that they worked more than 40 hours for the Defendants during their employment. Am. Compl. ¶¶ 122,126, 130, 134, 13 8. Further, Plaintiffs allege that Defendants failed to compensate them at the statutory minimum wage. Am. Compl. ¶¶ 140–44. The Complaint asserts that there are over twenty-five current and former employees who are similarly situated to the Plaintiffs in that they have also been denied overtime compensation. Am. Compl. ¶¶ 159.

## III. Discussion

### A. Conditional Certification

The FLSA provides, in pertinent part, as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.... An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Section 216(b) provides an employee with a private right of action to recover overtime compensation and/or minimum wages. *Id.* (cited in *Bifulco v. Mortgage Zone, Inc.,* 262 F.R.D. 209, 212 (E.D.N.Y.2009) (citations omitted)). "Although the FLSA does not contain a class certification requirement, such

orders are often referred to in terms of 'certifying a class.'" *Bifulco*, 262 F.R.D. at 212 (citations omitted).

■■■ Courts within the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective action. First, the court determines whether the proposed class members are "similarly situated." *Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 480 (E.D.N.Y.2001). If the court decides in the affirmative, then the proposed class members must consent in writing to be bound by the result of the suit, or "opt-in." *Id.* (citing 29 U.S.C. § 216(b)) (additional citations omitted). The second step, which typically occurs after the completion of discovery, requires the court to make factual findings whether the class members are "actually 'similarly situated.'" *Bifulco*, 262 F.R.D. at 212. "At that juncture, the court examines the evidentiary record to determine whether the 'opt-in' plaintiffs are, in fact, similarly situated to the named plaintiff." *Id.* (citations omitted).

■■■ The instant decision concerns only the first step—whether the proposed opt-in members are "similarly situated" such that conditional certification should be granted. At this stage, "the evidentiary standard is lenient," *Rubery v. Buth–Na–Bodhaige, Inc.*, 569 F.Supp.2d 334, 336 (W.D.N.Y.2008), and "plaintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Doucoure v. Matlyn Food, Inc.*, 554 F.Supp.2d 369, 372 (E.D.N.Y.2008) (quoting *Hoffmann v. Sbarro*, 982 F.Supp. 249, 261 (S.D.N.Y.1997)). Courts have repeatedly stated that Section 216(b)'s "similarly situated" requirement is "considerably less stringent" than the requirements for class certification under Rule 23. *Rodolico*, 199 F.R.D. at 481 (citing cases).

"In making this showing, 'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan' is required." *Sexton v. Franklin First Fin., Ltd.*, No. 08–CV–4950, 2009 WL 1706535, at *3 (E.D.N.Y. Jun. 16, 2009) (quoting *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y.2005)). Courts do not require proof of an actual FLSA violation, "but rather that a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." *Sobczak v. AWL Industries, Inc.*, 540 F.Supp.2d 354, 362 (E.D.N.Y.2007).

This determination is typically "based on the pleadings, affidavits and declarations" submitted by the plaintiffs. *Sexton*, 2009 WL 1706535, at *3 (quoting *Hens v. ClientLogic Operating Corp.*, No. 05 Civ. 381S, 2006 WL 2795620, at *3 (W.D.N.Y. Sept. 26, 2006)); *see also Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."); *Wraga v. Marble Lite, Inc.*, No. 05 Civ. 5038, 2006 WL 2443554, at *2 (E.D.N.Y. Aug. 22, 2006) (granting approval of a collective action notice "based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees").

In the instant case, Plaintiffs allege they were subjected to the same FLSA violations as the potential opt-in plaintiffs while employed by the Defendants. *See* DE 32 at 2–3. Each named Plaintiff has submitted an affidavit stating that almost all the other car laborers employed by Defendants worked in excess of 40 hour weeks, without being provided proper payment for overtime. *See* Affidavit of Baudilio

Morales Avila ("Avila Aff."), Affidavit of Jose L. Reyes Cabrera ("Cabrera Aff."), Affidavit of Adan DeJesus Veliz ("Veliz Aff."), Affidavit of Ronaldo Carrillo Palencia ("Palencia Aff."), Affidavit of Fredy Manolo Carillo ("Carillo Aff."), at ¶¶ 7–12, attached as Exhibits 1, 10, 3, 4, 5 to Plaintiffs' Motion (DE 32). Further, the affidavits submitted specifically name additional co-workers, employed as car laborers who cleaned and dried cars, and who also were allegedly not properly compensated for their overtime by Defendants. *See* Avila Aff. ¶ 12; Cabrera Aff. ¶ 12; Veliz Aff. ¶ 12; Palencia Aff. ¶ 11; Carillo Aff. ¶ 12 (each naming between six and 20 car laborers who allegedly worked in excess of 40 hours per week and were not properly compensated). Each Plaintiff states that his knowledge of the other laborers working in excess of 40 hours per week without being compensated for overtime hours is based upon the fact that they specifically discussed the matter among themselves. *See* Avila Aff. ¶ 12; Cabrera Aff. ¶ 12; Veliz Aff. ¶ 12; Palencia Aff. ¶ 11; Carillo Aff. ¶ 12. Plaintiffs also submit affidavits for eight opt-in plaintiffs making similar allegations. DE 32, Exs. 2, 6–9, 11–13.

██ Based on this evidence, and the lack of opposition on this issue from Defendants, the Court finds that Plaintiffs have met the lenient evidentiary standard necessary to warrant the determination, at this stage, that the proposed opt-in plaintiffs are "similarly situated." Plaintiffs "have demonstrated a sufficient 'factual nexus between [their] situation and the situation of other current and former' employees, who were potentially denied … overtime wages." *Sexton,* 2009 WL 1706535, at *9 (quoting *Realite v. Ark Restaurants Corp.,* 7 F.Supp.2d 303, 308 (S.D.N.Y.1998)); *Bifulco,* 262 F.R.D. at 215. Accordingly, Plaintiffs' motion for conditional certification is GRANTED.

**B. Production of Contact Information for Potential Opt–Ins**

Plaintiffs also move for an Order requiring Defendants to "furnish the names and last known addresses of potential class members employed by defendants from May of 2004 through December of 2010." DE 32 at 1. The Champion Defendants object to this request on the grounds that the scope of the requests is overly broad because, Defendants argue, Plaintiffs should only be able to send the Notice to potential class members employed within three years prior to the commencement of this suit. DE 33.

██ The FLSA has a maximum three-year statute of limitations. *See* 29 U.S.C. § 255. However, Plaintiffs request the contact information of employees going back six years because the state law claims, over which the Court may exercise supplemental jurisdiction, are governed by a six-year statute of limitations. *See* 28 U.S.C. § 1367. In similar cases, courts in this Circuit have granted both three and six-year periods depending upon the respective court's findings. I find it appropriate and in the interest of judicial economy in this case to allow the Plaintiffs to obtain the relevant contact information going back for a six-year period "even if some recipients of the notice will have claims that are time-barred under the FLSA." *Cano v. Four M Food Corp.,* No. 08–CV–3005, 2009 WL 5710143, at * 10 (E.D.N.Y. Feb. 3, 2009). It appears that there may be a number of employees who have both timely FLSA and state law claims. Plaintiffs filed the initial Complaint on May 14, 2010. Therefore, the three-year look back date for FLSA purposes is May 14, 2007. Because claims of the potential opt-in plaintiffs are tolled on the date that their consent forms are filed, *see* 29 U.S.C. § 256(a), May 14, 2007 is the

earliest possible date that a plaintiff in this case may have been last employed by Defendants in order to have a timely claim under the FLSA. *See Sexton,* 2009 WL 1706535, at *10; *Bifulco,* 262 F.R.D. at 216. Named plaintiff Jose L. Reyes Cabrera worked for the Defendants from approximately 2004 to September 2009. *See* Am. Compl. ¶ 19. Some of his FLSA claims may be time-barred while others are not; his New York Labor Law claims, however, are timely. The same is true of named plaintiff Adan DeJesus Veliz. *See* Am. Compl. ¶ 21.

Likewise, the number of Plaintiffs and potential plaintiffs as represented does not appear to be very large. Given these factors, "it seems logical, efficient, and manageable to compel defendants' production of these names only once, if possible." *Cano,* 2009 WL 5710143, at *10. This Court finds persuasive the reasoning set forth in those decisions of other courts which have applied a six-year period to determine who is eligible to receive the Notice of Pendency. *See Cano,* 2009 WL 5710143, at * 10; *Wraga v. Marble Lite, Inc.,* No. 05–CV–5038, 2006 WL 2443554, at *3 (E.D.N.Y. Aug. 22, 2006); *Alcantara v. CNA Management, Inc.,* 264 F.R.D. 61, 66–67 (S.D.N.Y.2009); *Realite v. Ark Restaurants Corp.,* 7 F.Supp.2d 303, 308 (S.D.N.Y.1998); *Harrington v. Educ. Mgmt. Corp.,* No. 02 Civ. 0787, 2002 WL 1343753, at *2 (S.D.N.Y. June 19, 2002). Requiring Defendants to provide the requested information will not be "unduly burdensome or disruptive to [D]efendant's business operations." *See Sexton,* 2009 WL 1706535, at *13; *Bifulco,* 262 F.R.D. at 216 (quoting *Hallissey,* 2008 WL 465112, at *3 ("In selecting the manner of issuing the notice, this court must strike the appropriate balance in ensuring notification to the [opt-in plaintiffs] while minimizing disturbance to [defendant's] business.")). Accordingly, Defendants shall provide the requested information to Plaintiff's counsel within 21 days of the date of this Order.

### C. Form of Notice

Finally, Plaintiffs move for an Order authorizing the dissemination in English and Spanish of the proposed Notice of Pendency and Consent to Join to all putative class action members. *See* DE 32, Ex. 14. The Champion Defendants object to two aspects of the proposed Notice.

First, the Champion Defendants request that the following language be added to the proposed Notice: "All plaintiffs will have to sit for depositions and testify under oath, and may have to testify at trial. In addition, plaintiffs may be required to pay the costs of litigation if the defendants prevail." DE 33 at 1. After reviewing the objections and the proposed Notice, the Court finds that it is reasonable to incorporate language into the Notice stating that opt-in plaintiffs *may* be called upon to testify or appear for depositions. *See Sexton v. Franklin First Financial, Ltd.,* No. 08–cv–4950, 2009 WL 1706535, at *12 (E.D.N.Y. June 16, 2009); *Romero v. Flaum Appetizing Corp.,* No. 07–cv–7222, 2009 WL 2591608, at *6 (S.D.N.Y. Aug. 17, 2009); *Bah v. Shoe Mania, Inc.,* No. 08–cv–9380, 2009 WL 1357223, at *4 (S.D.N.Y. May 13, 2009). However, the Court finds Defendants' request for language stating that the opt-in plaintiffs may be responsible for costs to the Defendants if they do not prevail is "unnecessary, and potentially confusing" and thus should not be included. *Sexton,* 2009 WL 1706535, at * 12; *See Guzman v. VLM, Inc.,* No. 07–cv–1126, 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007) ("Given the remote possibility that such costs for absent class members would be other than *de minimis,* and the absence of any showing by defendants that counterclaims are likely to be mean-

ingful in this case, I think such language is inappropriate. It may have an *in terrorem* effect that is disproportionate to the actual likelihood that costs or counterclaim damages will occur in any significant degree.").

Second, the Champion Defendants argue that the notice period should be thirty days, rather than sixty days. DE 33. The Court finds that allowing for a sixty day notice period for potential plaintiffs to return their opt-in forms is appropriate and is common FLSA practice. *See, e.g., Whitehorn v. Wolfgang's Steakhouse, Inc.,* No. 09–cv–1148, 2011 WL 420528, at *5 (Feb. 8, 2011); *Sexton,* 2009 WL 1706535, at *12; *Bah,* 2009 WL 1357223, at *3.

Counsel for all parties are directed to confer within the next five days to agree on a Notice of Pendency and Consent to Join Form in compliance with the directives contained herein.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion seeking (1) conditional certification as an FLSA collective action pursuant to Section 216(b) of the FLSA; (2) Defendants' production of names and last known addresses of potential class members employed by Defendants from May 2004 through December 2010; and (3) Court authorization to post and circulate a proposed Notice of Pendency and Consent to Join, in compliance with the directives contained herein, is GRANTED.

**SO ORDERED.**