Saul MADERO, Margarito Molina, and Jose Rivera, individually and on behalf of all other persons similarly situated who were employed by Trattoria LA Regina, Inc. and/or any other entities affiliated with or controlled by Trattoria La Regina, Inc., Plaintiffs,

v.

TRATTORIA LA REGINA, INC. d/b/a Cafe La Regina; d/b/a La Regina, and Vincent Corrate in both his official and individual capacities, Defendants.

No. 10–CV–3675 (ADS)(ARL).

United States District Court, E.D. New York.

June 2, 2011.

Leeds Morelli & Brown, by Jeffrey Kevin Brown, Esq., of Counsel, Carle Place, NY, for plaintiffs.

Virginia & Ambinder, LLP, by Kara Sue Belofsky, Esq., LaDonna Marie Lusher, Esq., Lloyd Robert Ambinder, Esq., of Counsel, New York, NY, for plaintiffs.

Kaufman Dolowich Voluck & Gonzo LLP, by Jeffrey A. Meyer, Esq., of Counsel, Woodbury, NY, for defendants.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Plaintiffs Saul Madero, Margarito Molina and Jose Rivera ("the Plaintiffs"), filed a putative collective action suit against Trattoria La Regina, Inc., d/b/a Cafe La Regina; d/b/a La Regina, and Vincent Corrate ("the Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York State Labor Law ("N.Y. Labor Law"), to recover unpaid overtime compensation and spread of hours pay. On April 27, 2011, upon stipulation by the parties, this Court granted the Plaintiff's motion for conditional certification of the class and to facilitate notice under 29 U.S.C. § 216(b). In addition, the Court directed the parties to submit a proposed Notice of Pendency within thirty days of the April 27, 2011 order. On May 25, 2011, the Court received a jointly filed letter from the parties seeking the Court's intervention on two outstanding issues with regard to the Notice of Pendency.

■ The first dispute between the parties involves the length of the notice period for the Notice of Pendency. Although the FLSA has a three-year statute of limitations, the Plaintiffs argue that, based on their related N.Y. Labor Law claim which has a six-year statute of limitations, the notice period should be six years. Although some courts in the Eastern District of New York authorize a six year notice period in cases where plaintiffs are seeking relief under both the FLSA and the N.Y. Labor Law, "the growing trend in this district appears to be limiting the notice period to three years." *McBeth v. Ga-*

*brielli Truck Sales, Ltd.*, 768 F.Supp.2d 396, 400 (E.D.N.Y.2011) (collecting cases). Recent cases authorizing a six year notice period have done so on the grounds of judicial economy when "the number of potential plaintiffs is not large." *Klimchak v. Cardrona, Inc.*, No. 09–CV–4311, 2011 WL 1120463, at *7 (E.D.N.Y. March 24, 2011); *see also Avila v. Northport Car Wash, Inc.*, 774 F.Supp.2d 450, 456–57, 2011 WL 833642, at *5 (E.D.N.Y.2011). However, because the parties chose not to address the size of the potential class in their May 25, 2011 letter, the Court does not see any reason to deviate from the three year notice period.

Ultimately, the Court agrees with the rationale in *Lujan v. Cabana Management, Inc.*, No. 10–CV–755, 2011 WL 317984 (E.D.N.Y. Feb. 1, 2011) that there is "no purpose" in sending an FLSA collective action notice to time-barred employees "informing them that (1) there is a pending opt-in lawsuit, (2) they may not opt in, and (3) they may later receive another notice should their status change due to class certification." 2011 WL 317984, at *9. To the extent the Plaintiffs seek to provide notice to potential plaintiffs that fall outside of the putative FLSA class, but may have claims under the N.Y. Labor Law, they must follow the discovery and notice procedures applicable to class actions under the Federal Rules of Civil Procedure. Accordingly, the Notice of Pendency shall be limited to a notice period of three years.

■ The second issue posed by the parties in their May 25, 2011 letter to the Court is when the notice period should commence. The Plaintiffs argue that the notice period should commence on April 27, 2011, the date of the Court's order granting conditional certification. On the other hand, the Defendants contend that the notice period should commence on the date that the Court ultimately approves

the Consent to Joinder form. The Court agrees with the Defendants that the notice period should commence on the date the Court approves the Consent to Joinder form.

Finally, having resolved what the parties represented in the May 25, 2011 letter as the last remaining issues with respect to the Notice of Pendency, the Court directs the parties to submit the proposed Notice of Pendency to the Court within five days of the date of this order.

**SO ORDERED.**